DIXON, Justice
(dissenting).
I respectfully dissent.
As the majority opinion notes, C.Cr.P. 559 provides that the trial court may permit a plea of guilty to be withdrawn at any time before sentence is imposed. The trial court abused his discretion by not granting Bruce McKay’s motion to withdraw his plea of guilty.
Dr. Michel, a member of the sanity commission, reported that defendant could not assist his attorney in his defense in a meaningful manner. He testified that defendant had a mental age of “around nine, ten years of age . . . and this is as high as he will go as far as learning.”
Dr. Abramson, the other member of the sanity commission, reported that defendant could be “lead (sic) very easily.” Furthermore, he testified that defendant could be very easily led, even to the extent of affecting his plea of guilty.
The Division of Mental Health of the Louisiana Health and Human Resources Administration reported that defendant was functioning within “at least the borderline mentally retarded range of intelligence.” It diagnosed his condition as “schizophrenia.”
Dr. Saint, under whose direction the Division of Mental Health examined defendant, testified that defendant loses his differentiation between right and wrong under stress, that under pressure defendant becomes vulnerable, and that under stress defendant would lose the inhibition he would normally use in situations to judge what is wrong and right.
Defendant’s court appointed counsel informed McKay and Juneau that the decision whether to accept the plea agreement offered by the State was theirs alone. Counsel testified that his clients were indecisive about accepting the plea agreement. At a conference with counsel of Friday before the Monday trial, Juneau and McKay indicated that they would be willing to enter a plea of guilty. Yet on Monday morning they informed counsel that they wanted to go to trial. They asked counsel “what do you think” and he reiterated that it was not his decision to make. After court was convened, defendant had again changed his mind and, to the surprise of defendant’s parents, entered a plea of guilty.
Defendant’s mother and father testified they had endeavored to retain counsel to represent defendant but were unable to accumulate the necessary funds until after the plea of guilty had been entered. His mother further testified that defendant had told her he did not intend to plead guilty. On the Saturday before the trial date on Monday, having raised the money to employ other counsel (whose office was in Alexandria), Mrs. McKay failed to complete the arrangement only because of car trouble.
The civil law protects incompetents by providing safeguards for those who lack capacity to bind themselves in contract (see C.C. 1785 describing the incapacity attendant to minority; C.C. 1784 on the incapacity attendant to interdiction). Though there is no such provision in the criminal law, justice requires similar protection for the too compliant plea bargainer. It cannot be said that the rules of capacity to contract govern the plea arrangement, but this does not mean that incompetents are to be left helpless by the criminal law unless their mental infirmity is so great that they can meet the tests for insanity.
The evidence adduced showed that defendant was prone to making irrational de *369 cisions in times of stress and that he was very easily led. Defendant’s final decision to plead guilty was made at the last moment while he and co-defendant Juneau were vacillating in their decision whether to go to trial or accept the plea agreement. They decided to plead not guilty, they changed their minds, then changed their minds again, and finally decided to plead guilty. During the time defendant was trying to reach a decision, his parents were trying to procure the services of counsel to present his defense.
Defendant’s plea of guilty cannot be said to be intelligent in light of his mental age (between nine and twelve) and his vulnerable disposition. He was under stress, and he was prone to making irrational decisions in times of stress; he followed the lead of a co-defendant in making the decision finally to change his plea from not guilty to guilty. His motion to withdraw his guilty plea, filed prior to sentencing, should have been granted.